UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14290-CIV-MARTINEZ/MAYNARD

THE 21ST AMENDMENT
BREWERY CAFÉ, LLC,

    Plaintiff,

v.

21ST AMENDMENT
DISTILLERY, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

**THIS CAUSE** is before me upon Defendant's Motion for a More Definite Statement ("Motion"), to which Plaintiff has responded in opposition, and Defendant has replied. DE 17, DE 18, DE 22. The Motion is referred to me for appropriate disposition. DE 28. Having considered the record, all relevant filings, and the governing law, I respectfully recommend that the Motion be **DENIED** for the following reasons.

## BACKGROUND

This trademark infringement case involves two companies that provide alcohol-related goods and services to the public. Below I will first summarize the factual allegations contained within Plaintiff's First Amended Complaint before turning to an overview of the relevant procedural history and party arguments related to the pending Motion.

1

1. **Plaintiff's First Amended Complaint ("FAC")**

The FAC alleges as follows. Plaintiff, a California-based company, is a craft brewery and brewpub that has been in business since 2000. DE 13 ¶¶ 1, 7. Plaintiff operates in 33 states plus the District of Columbia; has distributed its beer nationally since 2008; and has done business in Florida since 2016. *Id.* ¶ 7. Plaintiff owns United States Patent and Trademark Office ("USPTO") registrations for the following trademarks consisting of or containing the terms "21st AMENDMENT" and "21A":

- 21st AMENDMENT trademark (U.S. Reg. No. 3443843) ("Mark '843") for use with "ale; beer" and "restaurant services; brewpub services." *Id.* at ¶ 8. Mark '843 was first used by Plaintiff in 1997, is used in interstate commerce, and obtained incontestable status in 2013. *Id.*

- 21st AMENDMENT & Design trademark (U.S. Reg. No. 2520791) ("Mark '791") for "brewery services" and "full restaurant services." *Id.* ¶ 9. Mark '791 was first used by Plaintiff in 1997, was first used in commerce in 2000, and obtained incontestable status in 2007. *Id.*

- 21st AMENDMENT BREWERY & Design trademark (U.S. Reg. No. 4627918) ("Mark '918") for "beer; ale," which Plaintiff first used in commerce in 2012, and which obtained incontestable status in February 2021. *Id.* ¶ 10.

- 21A trademark (U.S. Reg. No. 4395047) ("Mark '047") for use with "ale; beer;" which Plaintiff first used in commerce as early as 2010 and is still used by Plaintiff. *Id.* ¶ 13. Mark '047 obtained incontestable status in 2018. *Id.*

- 21A trademark (U.S. Reg. No. 4395048) ("Mark '048") for "Restaurant services; brewpub and alehouse services, bar services," which Plaintiff first used in

2

commerce as early as 2002 and is still used by Plaintiff. *Id.* ¶ 14. Mark '048 became incontestable in 2019. *Id.*

Plaintiff claims common law ownership rights to the above marks based on Plaintiff's use of these marks in commerce since at least 1997 and 2002, respectively, which has led to considerable goodwill in these marks in the relevant public. *Id.* ¶¶ 11, 15.

Plaintiff uses its "commercially strong" marks to sell, market, and distribute its goods and services, and has generated goodwill by attending beer festivals, trade shows, conferences, and other industry events. *Id.* ¶¶ 19, 30. Plaintiff's website prominently features its trademarks, including a favicon[1] with the 21A mark. *Id.* ¶ 20. Plaintiff also actively promotes its beers under its marks through social media, such as Facebook, X (formerly known as Twitter) @21stAmendment, and Instagram. *Id.* ¶ 21. Most of Plaintiff's beers have an "Americana" theme or branding, featuring historical American figures, icons, or events like Abraham Lincoln and the Statue of Liberty. *Id.* ¶ 23. Plaintiff uses its 21A Mark to identify its beers, which have received nationwide publicity and won industry recognition and prestigious awards. *Id.* ¶¶ 24, 25. Plaintiff's 21A Mark, used to identify its beer, is depicted below:



*Id.* ¶ 24.

---

[1] A favicon is a small icon or collection of icons associated with a website, web page, or web application. Favicons are displayed within the browser tabs and bookmarks bar. *See* Sorrentino, John, "What is a favicon?" available at: https://favicon.io/tutorials/what-is-a-favicon/ (last accessed July 10, 2024).

Trademark registration certificates for the 21st Amendment and 21A Marks are attached to the FAC. *Id.* ¶ 17, DE 13-1. According to Plaintiff, the registrations for these marks provide constructive notice of Plaintiff's claim of ownership under 15 U.S.C. § 1072. DE 13 ¶ 18.

In Florida, Plaintiff has acquired a "highly favorable" and distinct reputation among consumers through its investment of resources to promote its products and brand, including by participating in festivals, tastings, and events in several Florida cities since 2016. *Id.* ¶¶ 27-29. These events prominently feature Plaintiff's marks on products and marketing materials. *Id.* ¶ 27.

Plaintiff alleges that Defendant, a Florida company, has operated or intends to operate a distillery and bar/restaurant in Vero Beach using trademarks that are identical or confusingly similar to Plaintiff's 21st Amendment and 21A Marks. *Id.* ¶¶ 2, 31. For example, Defendant operates website and social media pages prominently displaying the name "21st Amendment Distillery" and similar logos and marks that are confusingly similar to Plaintiff's marks. *Id.* ¶¶ 33-34. On August 31, 2021, Plaintiff called Defendant about Defendant's use of "21st Amendment Distillery" and Defendant responded that it was considering the possibility of rebranding. *Id.* ¶¶ 35-39.

In September 2021 and March 2022, Defendant filed USPTO Intent to Use trademark applications for various marks, including 21st AMDENDMENT DISTILLERY & Design, 21 AD DISTILLERY, DISTILLERY 21 & Design, and 21 SALUTE for use with "liquor." *Id.* ¶¶ 41-46. The USPTO has issued office actions and refusals to register against certain of these applications "citing likelihood of confusion with certain of Plaintiff's registered trademarks." *Id.* ¶ 49-50. On November 14, 2023, after Plaintiff filed its original complaint, Defendant's application for the mark 21st DISTILLERY & Design for use with "liquor" became registered. *Id.* ¶ 44.

Plaintiff claims Defendant's ongoing activities, including its use of the same or similar marks as Plaintiff in business activities relating to alcohol-related goods and services, constitutes actionable trademark infringement causing consumer confusion and irreparable harm to Plaintiff. *Id.* ¶¶ 48, 52, 54-63. The FAC alleges the following counts: trademark infringement, in violation of 15 U.S.C. § 1114 (Count 1); unfair competition and false designation of origin, in violation of 15 U.S.C. § 1125 (Count 2); common law trademark infringement and unfair competition (Counts 3 and 4); cancellation of Defendant's Registration No. 7219476 for the mark 21st DISTILLERY and Design under 15 U.S.C. § 1119 (Count 5); and counterfeiting, in violation of 15 U.S.C. § 1114 (Count 6). *Id.* ¶¶ 64-114.

## 2. Procedural History and Party Arguments

Plaintiff filed its original Complaint on September 15, 2023. DE 1. After Defendant responded with a two-page motion to dismiss on shotgun pleading grounds, Plaintiff filed a notice explaining its disagreement with Defendant's motion to dismiss but nonetheless filing its FAC as "the most efficient course of action." DE 11, DE 12.

After Plaintiff filed its FAC, Defendant filed the instant Motion seeking to compel a more definite statement on grounds that Plaintiff's "allegations are inconsistent with the file histories of the asserted trademark registrations" and "these erroneous allegations make it difficult to frame Defendant's defenses and potential counterclaims, and further cloud whether additional parties are necessary to this action." DE 17 at 1. In response, Plaintiff contends that Defendant is intentionally delaying these proceedings. DE 18 at 1-3. Plaintiff further argues that the Motion should be denied because the well-organized FAC contains detailed allegations making clear what is being alleged against Defendant. *Id.* at 3-6. According to Plaintiff, Defendant's Motion improperly argues affirmative defenses and seeks information that should be sought in discovery

as opposed to a more definite statement.[2] *Id.* at 3-6.  In its reply, Defendant acknowledges it could seek additional information through discovery but asserts that Plaintiff's "factually incorrect" allegations regarding the ownership and use of the at-issue marks hampers Defendant's ability to plead fraud.  DE 22 at 2.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Such a motion should be granted only when a plaintiff's complaint is so ambiguous "that it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Zyburo v. NCSPlus, Inc.*, 2012 WL 2368904 at *1 (M.D. Fla. June 22, 2012) (quoting *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996)).

Importantly, "[t]he basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." *SEC v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D. Fla. 2000); *see also Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1283 (S.D. Fla. 2012) (a motion for more definite statement "should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond") (citations omitted).  "Motions for a more definite statement are generally disfavored in the federal system in light of the liberal pleading and

---

[2] Plaintiff also raises Defendant's alleged failure to properly confer with Plaintiff before filing the Motion as a standalone reason for denial.  DE 18 at 6-8.  On this point, Defendant responds that an email from Plaintiff's counsel indicating that Defendant's proposed motion for a more definite statement would be a "waste of time" that Plaintiff would oppose rendered any further conference unnecessary.  DE 22 at 3.  Upon review of the email, DE 18-1 at 4, I am satisfied that the parties sufficiently complied with the spirit of Local Rule 7.1(a)(3).  I thus exercise my discretion to review and consider the Motion on its merits.

discovery requirements of the Federal Rules." *Nature's Health & Nutrition, Inc. v. Nuñez*, 2008 WL 4346329 *1 (S.D. Fla. 2008) (citing *BB in Tech. Co., Ltd. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007)); *see also Jolly v. Hoegh Autoliners Shipping AS*, 546 F. Supp. 3d 1105, 1119 (M.D. Fla. 2021) (the purpose of a more definite statement is to rectify unintelligibility in a complaint, not to provide more details that can reasonably be left to discovery"). Where, as here, a complaint is challenged, the defendant bears the burden of showing that the complaint is so vague or ambiguous that the defendant cannot respond, even with a simple denial, in good faith or without prejudice to them. *Studio Imports, Ltd., Inc. v. Dora*, 2011 WL 13213933, at *2 (S.D. Fla. Mar. 29, 2011) (citing *Aventura Cable Co. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996)).

Here, Defendant fails to justify its request for a more definite statement. Plaintiff's FAC is 32 pages and it attaches relevant trademark registration certificates. The FAC is well-organized with headings, dates, trademark registration numbers with attached certificates, embedded visual images, and six separate counts. As summarized above, the FAC provides an overview of Plaintiff's business activities, including its activities in Florida, and Plaintiff's alleged ownership of registrations to several clearly identified trademarks. The FAC alleges how, when, and why Florida-based Defendant's use of similar trademarks for Defendant's substantially similar business infringes on Plaintiff's marks and causes consumer confusion. Based on my independent review of the FAC, I find it to be clear enough to put Defendant on notice of the nature of the claims and the trademarks at issue. The information in the FAC is sufficient to allow Defendant to formulate a response. *See Altor Locks, LLC v. Proven Industries, Inc.*, 2022 WL 17987073, at *5-6 (M.D. Fla. Oct. 18, 2022) (denying motion for more definite statement in trademark infringement case

after finding that Plaintiff's allegations were sufficiently pleaded to put Defendants on notice of the claims).

As the sole basis for its request, Defendant asserts that its review of USPTO trademark records reveals potential assignment issues involving another entity that "raises questions" as to Plaintiff's ownership and use of the trademarks at issue. DE 17 at 3-4. However, such "questions" are not the proper basis for a more definite statement. Instead, the additional detail that Defendant seeks about trademark validity and ownership are precisely the sort of details that can and should be left to discovery. Defendant essentially concedes this point as evidenced by its own statements that "discovery into such [trademark] use would be indicated to gauge the veracity of the claims made in the registrations" and "Defendant could seek additional information through discovery." *Id.* at 4, DE 22 at 2. To the extent Defendant believes there are issues affecting the validity and ownership of the trademarks at issue, Defendant may affirmatively plead its position as defense(s) and proceed to obtain discovery on these issues. *See Jolly*, 546 F. Supp. 3d at 1119 ("[T]he purpose of a more definite statement is to rectify unintelligibility in a complaint, not to provide more details that can reasonably be left to discovery.") (quoting *Wells Fargo Bank NA v. BBMJ, LLC*, 2012 WL 441286, at *1 (N.D. Fla. Feb. 10, 2012)); *G.H. by & through Henry v. Marstiller*, 424 F. Supp. 3d 1109, 1120 (N.D. Fla. 2019) (denying motion for more definite statement because the defendants' request for additional information about the nature of the claims and the relief sought "is more properly obtained via discovery than through a motion for a more definite statement").

## CONCLUSION

In sum, Defendant has not met its burden to show that a more definite statement is necessary or warranted. Plaintiff's FAC is sufficiently specific and intelligible to allow Defendant to formulate a response. The additional details that Defendant seeks are more appropriately

obtained via proper channels of discovery. Thus, I **RECOMMEND** that Defendant's Motion for a More Definite Statement, DE 17, be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Jose E. Martinez. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 10th day of July, 2024.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE